UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-10337-IT |
| ) | |
| ISMAEL RAMOS, ) | |
| a/k/a CABIMETER ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

**TALWANI, D.J.**

WHEREAS, on November 13, 2014, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Ismael Ramos, a/k/a Cabimeter (the "Defendant") with Possession With Intent to Distribute and Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offenses alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations;

WHEREAS, the property to be forfeited by the Defendant, includes, but is not limited to the following:

(a) $672.00 in United States currency seized from Ismael Ramos on October 17, 2014;

(b) One E Machine Desktop Computer Model T5216;

(c) One Samsung Galaxy phone;

    (d)    One LG Phone, Model LM510;

    (e)    One Kyocera Cell Phone Model S2151;

    (f)    One Samsung Flip Phone;

    (g)    One Samsung Galaxy 3 Cell Phone;

    (h)    One LG P769 Phone IMEI 013306006290411;

    (i)    One Black Apple IPhone Model 1387;

    (j)    One Metro PCS Phone;

    (k)    One Black LG Cell Phone;

    (l)    One Motorola Phone IMEI 990000555090994;

    (m)    One Samsung Galaxy S2 Phone with T-Mobile Markings;

    (n)    One LG Brand Phone with Metro PCS Markings, Model LGMS323 FCC IDZNFMS346;

    (o)    One Toshiba Satellite Laptop Model A205-S5000;

    (p)    One Compaq Presario R400 Laptop;

    (r)    One HP Atheros Laptop Model AR5B125; and

    (s)    One White Apple G4 IBook Model A 1054,

(collectively, the "Properties").

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the

value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on June 1, 2015, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment. During the hearing, the United States gave a recitation of the facts, referenced the Properties being forfeited, and how the Properties being forfeited constituted, or were derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations;

WHEREAS, the Defendant did not object, and the Defendant therefore consented to the forfeiture of all of his interests in the Properties;

WHEREAS, in light of the Defendant's guilty plea, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, accordingly, the Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853; and

WHEREAS, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of

America shall have clear title to the Properties.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
INDIRA TALWANI
United States District Judge

Dated: 8/3/15